■ ROBERT C. GROSS, Respondent, v ROBERTA S. GROSS, Appellant.—In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated May 21, 1986, which granted the plaintiff's motion to dismiss the defendant's counterclaims for a divorce on the grounds of adultery and cruel and inhuman treatment.

Ordered that the order is modified, by deleting the provision which granted that branch of the plaintiff's motion which was to dismiss the defendant's first counterclaim for a divorce on the ground of adultery, substituting therefor a provision denying that branch of the motion, and adding a provision granting the defendant leave to replead her second counterclaim for divorce on the ground of cruel and inhuman treatment in conformity with the requirements of CPLR 3016 (c). As so modified, the order is affirmed, with costs to the defendant. The defendant's time to replead her second counterclaim is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

The defendant alleged in her first counterclaim for a divorce on the ground of adultery that the plaintiff, commencing in June 1985 and continuing thereafter, had engaged in an adulterous relationship with a specifically named individual in the County of Rockland. These allegations sufficiently comply with the mandate of CPLR 3016 (c) and adequately apprise the plaintiff of the charges he will be called upon to defend against at the trial. Therefore, the court improperly dismissed this counterclaim for lack of specificity, since the pleading does contain a designated time and location and even refers to the identity of the participants.

With respect to the second counterclaim for a divorce on the ground of cruel and inhuman treatment, although the defendant's allegations of misconduct were not pleaded with sufficient specificity to comply with the requirements of CPLR 3016 (c), she should be allowed the opportunity to replead in conformity with that rule. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.